IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW K. KAMANA'O, | CIV. NO. 05-00681 SOM-KSC |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS |
| JOHN V. PEYTON, Director Department of Public Safety, JIM COOKE, Warden, Tallahatchie County Correctional Facility, | |
| Respondents. | |

FINDINGS AND RECOMMENDATION TO GRANT
PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Andrew K. Kamana'o's ("Kamana'o") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("Section 2254").  The petition was referred to this Court pursuant to Local Rule 72.5 of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules") and 28 U.S.C. § 636(a).  Upon careful consideration of the Petition, the Answer, and the Reply, this Court FINDS AND RECOMMENDS that the

petition be GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

Kamana'o, a state prisoner, has filed the instant petition for habeas corpus pursuant to Section 2254. Kamana'o challenges the extended sentence imposed upon him at his resentencing by a state judge pursuant to state law in effect at the time he was sentenced. Kamana'o claims his extended term sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000).

On October 13, 1983, Kamana'o was convicted by jury trial of two counts of rape in the first degree, in violation of Hawaii Revised Statutes ("HRS") § 707-730 (repealed 1986), and one count of sodomy in the first degree, in violation of HRS § 707-733 (repealed 1986). See Hawai'i v. Kamana'o, 82 P.3d 401, 402 (Haw. 2003). On June 13, 1985, the Hawaii Supreme Court affirmed Kamana'o's conviction and sentence. Id. at 405.

On July 22, 1996, Kamana'o filed his first federal habeas petition challenging his conviction, in Kamanao v. Penarosa, Civ. No. 96-00625 ACK/FIY ("Petition I"), raising seven grounds for relief. On October 2,

2

1996, the Magistrate Judge recommended dismissing Petition I as presenting both exhausted and unexhausted claims. Kamana'o was advised that he could either proceed with only his exhausted claims or he could exhaust his unexhausted claims in the state court and bring a new, completely exhausted petition to the federal court at the conclusion of state court review. The Court warned Kamana'o that, if he proceeded with only his exhausted claims and later attempted to bring his unexhausted claims in another federal petition, the second petition would be subject to dismissal on abuse of the writ grounds. The Magistrate Judge's findings and recommendation were adopted by the district court on October 29, 1996, and judgment was entered on November 5, 1996. See Civ. No. 96-00625, Order Adopting Magistrate's Findings and Recommendation, entered November 5, 1996.

On December 16, 1996, while Kamana'o had a pending Hawai'i Rules of Penal Procedure ("Haw. R. Penal P."), Rule 40 petition in the state court, he filed a second Section 2254 petition, Kamanao v. Penarosa, Civ. No. 96-01207 DAE/FIY ("Petition II"). On February 21,

1997, the Magistrate Judge recommended that the second petition be dismissed as unexhausted, again notifying Kamana'o that if, at the conclusion of his state postconviction proceedings, he elected to proceed with his exhausted claims any subsequent federal habeas petition would be subject to dismissal on abuse of writ grounds. Kamana'o was also warned that his claims were subject to the one-year statute of limitation under Section 2254. The district court adopted the Magistrate Judge's findings and recommendation on May 2, 1997.

Kamana'o moved to amend Petition II to proceed only with his exhausted claim. On June 2, 1997, the Court granted Kamana'o's motion. The Court again informed Kamana'o that he may be precluded from bringing any subsequent federal habeas petitions on abuse of writ grounds. On September 3, 1997, the Magistrate Judge recommended that the amended Petition II be dismissed for lack of jurisdiction and merit. See Civ. No. 96-01207, Finding and Recommendation to Dismiss Petition. On November 17, 1997, the district court adopted the findings and recommendation and dismissed the petition

4

with prejudice. The Ninth Circuit Court of Appeals denied Kamana'o's request for certificate of appealability on April 17, 1998.

On July 21, 2000, Kamana'o filed a third federal habeas petition, Kamana'o v. O'Dell, et al., Civ. No. 00-00504 ("Petition III"). On May 23, 2002, the Magistrate Judge recommended dismissing the third petition as both second or successive and as untimely. The district court adopted the Magistrate Judge's recommendation on July 16, 2002. Judgment was entered on July 19, 2002.

While Kamana'o was proceeding in the federal court with Petition III, he was also pursuing relief in the state court via a motion for correction of illegal sentence, pursuant to Haw. R. Penal P. 35. See Kamana'o, 82 P.3d at 405. On December 3, 2003, the Hawaii Supreme Court granted Kamana'o's Rule 35 motion, finding that the state trial court had violated Kamana'o's constitutional privilege against self-incrimination when it imposed an enhanced sentence based on Kamana'o's refusal to admit guilt for his conviction. Id. at 406. The Hawaii Supreme Court vacated the Circuit Court of the First

Circuit, State of Hawaii's ("circuit court") judgment of sentence, filed on January 10, 1984, and remanded the case for resentencing. Id. at 410. The Hawaii Supreme Court, however, rejected Kamana'o's other challenges to his sentence, mainly, that his sentence violated the new rule of constitutional law enunciated in Apprendi, 530 U.S. 466, and that his trial counsel was ineffective. Id.

On April 5, 2004, Kamana'o filed a petition for writ of mandamus to the Hawaii Supreme Court, pursuant to Hawai'i Rules of Appellate Procedure ("H.R.A.P."), Rule 21. See Hawaii v. Kamana'o, No. 25271, 2004 WL 817326, at *1 (Haw. Apr. 8, 2004). The Hawaii Supreme Court denied the writ for lack of jurisdiction.

On April 27, 2004, the circuit court, filed a judgment of conviction of sentence, resentencing Kamana'o to "thirty days for the Harassment count, ten years for each of the Burglary in the First Degree counts, five years each for the Attempted Sodomy in the Third Degree and the Sexual Abuse in the First Degree counts, and life with the possibility of parole for each of the Rape in

6

the First Degree counts and the Sodomy in the First Degree count, all terms to run concurrently." Hawai'i v. Kamana'o, No. 269592, 2005 WL 1428522 *1 (Haw. Ct. App. June 20, 2005). The Intermediate Court of Appeals ("ICA") affirmed, finding that the circuit court did not violate Kamana'o's federal and state constitutional rights to trial by jury by sentencing him to extended terms of imprisonment as a multiple offender as provided by HRS § 706-662(4). Id. (citing State v. Rivera, 102 P.3d 1044, 1061 (2004); State v. Kaua, 72 P.3d 473 (2003)). In addition, the ICA held that the circuit court did not abuse its discretion when it considered, de novo, whether there were aggravating factors warranting extended terms of imprisonment. Id. The Hawai'i Supreme Court denied Kamana'o's petition for writ of certiorari on July 6, 2005.

On October 27, 2005, Kamana'o filed the present petition ("Petition IV"). Kamana'o argues that on resentencing, the state court violated his right to trial by jury under the Sixth Amendment as enunciated by Apprendi, 530 U.S. 466 and Kaua v. Frank, 350 F. Supp. 2d

7

848 (D. Haw. 2004). <u>See</u> Pet. ¶ 12.

Kamana'o's petition initially presents the question of whether a habeas corpus petition is second or successive, thus requiring an order of authorization from the appellate court before this Court may consider it, when an amended judgment of sentence has been entered in the underlying conviction after the petitioner has already brought an unsuccessful habeas petition to the federal court. <u>See</u> 28 U.S.C. § 2244.

On November 4, 2005, the Court issued an Order to Show Cause directing Respondents John V. Peyton and Jim Cooke ("Respondents") to file an answer to the petition. In the Order to Show Cause, the Court determined that Kamana'o's petition is not second or successive since he is challenging an amended judgment or sentence, and thus he did not require permission from the Ninth Circuit to file Petition IV. <u>See</u> Order to Show Cause at 8-9. On January 17, 2006, Respondents filed their Answer to Petition for Writ of Habeas Corpus ("Answer"). On February 17, 2006, Kamana'o filed Petitioner's Reply to Respondents' Answer to the Petition for a Writ of Habeas

8

Corpus ("Reply").[1]

## DISCUSSION

### A.   Kamana'o's Petition Is Not Procedurally Barred

In the Court's Order to Show Cause filed on November 4, 2005, the Court determined that Kamana'o's Petition was not procedurally barred as being a second or successive petition.  Nevertheless, Respondents argue in their Answer that Kamana'o's Petition should be dismissed as a second or successive petition. Respondents also argue that Kamana'o "could have raised his Apprendi claim in his prior petition, as both the putative legal basis and the factual predicate existed prior to the commencement of his litigation of his third federal habeas petition."  Specifically, Respondents argue that the Apprendi argument set forth by Kamana'o in his Rule 35 Motion, filed approximately

---

[1]   The Court notes that on January 24, 2006, Kamana'o filed Petitioner's Notice of Intent to File a Reply to the Respondents' Answer to the Petition for a Writ of Habeas Corpus.  Requests for extensions of time are properly made by motion.  The Court will nevertheless construe the filing of this notice as a request for an extension and grant the request.

9

one week after he filed Petition III, prevents him from claiming that either the factual predicate for his Apprendi claim had not yet developed or that he was unaware of the putative legal basis for the claim at the time he filed Petition III.

Respondents' argument misses the mark. Respondents base their argument on Kamana'o's 1984 conviction and sentence and the three habeas petitions he filed challenging that sentence.  On April 27, 2004, the circuit court entered a judgment of conviction of sentence and resentenced Kamana'o.  Therefore, Kamana'o's instant habeas petition, Petition IV, is the first petition he has filed challenging his April 27, 2004 sentence and it is not a second or successive petition.[2]  The Court also finds that Kamana'o has exhausted his Apprendi claim since he raised the claim

_____

[2] Respondents do not argue that Kamana'o's petition is untimely.  The Court finds that Kamana'o's petition is timely.  The April 27, 2004 judgment became final on direct review in the state courts on October 6, 2005, ninety days after the Hawaii Supreme Court denied certiori on July 6, 2005.  Kamana'o filed the instant petition on October 27, 2005.

in the state courts prior to filing the instant

petition.  Consequently, the Court finds that

Kamana'o's petition is not procedurally barred.

> B. <u>The Hawaii Supreme Court's Decision Was Contrary to, as Well as an Unreasonable Application of, Clearly Established Federal Law, as Determined by the United States Supreme Court.</u>

Kamana'o requests relief from his extended

sentence pursuant to the Antiterrorism and Effective

Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)

("Section 2254(d)").  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  For purposes of Section

2254(d)(1), "clearly established Federal law" is the
governing law set forth by the Supreme Court at the
time the state court renders its decision. <u>Lockyer v.
Andrade</u>, 538 U.S. 63, 71 (2003).  A state court
decision is "contrary to" clearly established Federal
law "if it fails to apply the correct controlling
authority, or if it applies the controlling authority
to a case involving facts materially indistinguishable
from those in a controlling case, but nonetheless
reaches a different result." <u>Clark v. Murphy</u>, 331 F.3d
1062, 1067 (9th Cir.) <u>cert. denied</u>, 540 U.S. 968
(2003).

Under the "unreasonable application" clause, a
court may grant habeas relief when "the state court
identifies the correct governing legal rule from a
[Supreme Court] case, but unreasonably applies it to
the facts of the particular case," or when "the state
court either unreasonably extends a legal principle
from [Supreme Court] precedent to a new context where
it should apply." <u>Williams v. Taylor</u>, 529 U.S. 362, 407
(2000).  In addition, the "unreasonable application"

12

clause requires the state court decision to be
"objectively unreasonable" rather than merely
"incorrect or erroneous." Lockyer, 538 U.S. at 75.

In his Petition, Kamana'o argues that on
resentencing, the state court violated his right to
trial by jury under the Sixth Amendment as enunciated
by Apprendi, 530 U.S. 466 and Kaua, 350 F. Supp. 2d
848.  In his Reply, Kamana'o argues that the Ninth
Circuit's recent decision in Kaua v. Frank, 436 F.3d
1057 (9th Cir. 2006), decided after Kamana'o filed his
Petition, binds this Court.  In Kaua, 436 F.3d 1057,
the Ninth Circuit affirmed the Hawaii District Court
decision and held that the Hawaii Supreme Court's
decision upholding Kaua's extended sentence is contrary
to clearly established federal law.

In Respondents' Answer, Respondents argue that
Apprendi is not retroactively applicable to Kamana'o's
case.  Respondents also rely on the Hawaii Supreme
Court's holding in State v. Rivera, 102 P.3d 1044, 1061
(Haw. 2004) and argue that Kamana'o was properly
sentenced pursuant to Hawaii's multiple offender

13

statute.   In <u>Rivera</u>, the Hawaii Supreme Court held that <u>Apprendi</u> does not bar "prior convictions" as a basis for which a sentencing court may exercise its discretion and impose an extended term of incarceration.   <u>Rivera</u>, 102 P.3d at 1061.   Respondents fail to address the merits of Kamana'o's petition as it relates to his April 2004 sentence.   Respondents also do not address the import of the Ninth Circuit's recent decision in <u>Kaua</u>, 436 F.3d 1057.

In considering whether the ICA's decision to affirm Kamana'o's extended sentence is contrary to <u>Apprendi</u>, this Court must limit itself to examining the grounds on which the ICA relied in issuing its decision.   <u>See</u> <u>Kaua</u>, 350 F. Supp. 2d at 859.   The Court may not justify the state appellate court's ruling on the basis of alternative grounds that the court did not articulate.   <u>Id.</u> (citing <u>Van Lynn v. Farmon</u>, 347 F.3d 735, 737 (9th Cir. 2003)).   Where the state appellate courts reject a federal claim on the merits in unreasoned, unpublished orders, the Court should "look through" the summary disposition to the last reasoned

14

decision addressing the federal claim. Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005).

In this case, the Hawaii Supreme Court's order denying certiorari states that the ICA based its decision on Rivera, 102 P.3d 1044 and State v. Kaua, 72 P.3d 473 (Haw. 2003). Accordingly, the Court will look to the reasoning articulated in these cases in determining whether the state courts' rejection of Kamana'o's Apprendi claim was justified.

In Rivera, 102 P.3d 1044 and Kaua, 72 P.3d 473, the Hawaii Supreme Court examined the issue of whether Hawaii's procedure for imposing an extended-term sentence passes constitutional muster under Apprendi. The Hawaii Supreme Court applied an "intrinsic-extrinsic" dichotomy in determining whether a judge or jury decides whether an extended-term sentence is warranted. See id. The Hawaii Supreme Court reasoned that "extrinsic" facts, such as those involved in finding that a defendant's extended-term incarceration is necessary for the protection of the public, are outside the Apprendi rule and may be found by a judge

15

without violating the Sixth Amendment right to trial by jury. Kaua, 72 P.3d at 484-85.

In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.  The Supreme Court stated that "the relevant inquiry is not one of form but of effect-does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict." Id. at 481.  The holding in Apprendi is limited to cases in which the statutory range of punishment has been exceeded. See id.  In Blakely v. Washington, 542 U.S. 296, 303 (2004), the Supreme Court majority explained that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (citations omitted).

The Ninth Circuit has recently held that HRS

16

§ 706-662, Hawaii's extended sentencing statute,
violates <u>Apprendi</u> because it allows a judge to make the
factual finding that a convicted person's incarceration
is necessary for the protection of the public, thereby
allowing for an increased sentence beyond the range
justified by the jury's determination of guilt. <u>See</u>
<u>Kaua v. Frank</u>, 436 F.3d 1057 (9th Cir. 2006).
According to the Ninth Circuit, such a determination by
a judge is contrary to clearly established federal law
as determined by the Supreme Court. <u>Id.</u> at 1062.
Thus, the Ninth Circuit has rejected the reasoning set
forth by the Hawaii Supreme Court in <u>Rivera</u>, 102 P.3d
1044 and <u>Kaua</u>, 72 P.3d 473.

     The facts of <u>Kaua</u> are indistinguishable from
the present case.  In <u>Kaua</u>, Kaua had received an
extended sentenced pursuant to HRS § 706-662(4).  In
determining Kaua's sentence, the sentencing judge
conducted a two-step process. <u>See Kaua</u>, 436 F.3d at
1059.  First, the court found that Kaua was considered
a "multiple offender" pursuant to HRS § 706-662(a). <u>Id.</u>
Second, the court determined that the imposition of an

extended sentence was necessary for the protection of the public. Id.

In determining Kaua's sentence, the sentencing judge found a number of specific facts which led to her determination that an extended sentence was necessary for the protection of the public. Those facts included, "Kaua's history of substance abuse; his abuse of drugs shortly before the hostage standoff; his history of assaultive behavior; his inability to control his behavior while under the influence or while under stress; his access to firearms; his lack of experience using the weapon with which he perpetrated the standoff; and the strong possibility that he could have injured minors and innocent bystanders because of his inexperience." Kaua, 436 F.3d at 1059. After making these findings, the sentencing judge imposed an extended sentence.

In the instant case, Kamana'o was also sentenced pursuant to HRS § 706-662(4). The circuit court followed the same two-step process in sentencing Kamana'o as it did in Kaua's case. With respect to

step two, in making the determination that an extended
sentence was necessary for the protection of the
public, the sentencing judge made the following
findings:  Kamana'o's criminal actions were so
extensive that a sentence of imprisonment for an
extended term is necessary for the protection of the
public; Kamana'o had a burglary and sexual offense on
three separate individuals, all of whom were strangers;
they were all attacked in their homes; they were all
Class A felonies; a sexual offense is an injury to the
individual and carries with it psychological injuries;
Kamana'o's conduct was a repetitive pattern of conduct
over a period of time; Kamana'o acted without regard to
the rights and well-being of other individuals in the
community; and breaking into homes of three separate
individuals in the middle of the night represents a
serious danger to the community. See Respondents'
"Exhibit T" (citing Transcript from sentencing hearing
dated 4/23/04 at 12: 4-25, 13-16:21).

        The Ninth Circuit's decision in Kaua, 436 F.3d
1057 is directly on point and provides the controlling

rule of law in this case.[3]   The sentencing judge in Kamana'o's case improperly made a protection of the public finding without the facts underlying her finding being presented to a jury.   Consequently, the Court finds that Kamana'o's extended-term sentence violates clearly established Federal law as articulated in Apprendi.

CONCLUSION

The Court FINDS and RECOMMENDS that Kamana'o's Petition be GRANTED, Kamana'o's sentence be vacated, and that the case be remanded to the circuit court for resentencing in accordance with this Order.

IT IS SO FOUND AND RECOMMENDED.

Dated:   Honolulu, Hawai'i, May 9, 2006.

---

[3] Following the Ninth Circuit's affirmation of the Hawaii District Court decision Kaua v. Frank, 350 F. Supp. 2d 848 (2004), the Hawaii Supreme Court has nonetheless maintained its position that Hawaii's multiple offender statute is constitutional. See State v. White, 129 P.3d 1107, 1109 (2006)(declining to follow the Ninth Circuit's holding based on it being only "persuasive authority" and not binding).



_____
Kevin S.C. Chang
United States Magistrate Judge

Kamana'o v. Peyton, et al., Civ. No. 05-00681 SOM-KSC;
Findings and Recommendation to Grant Petition for Writ
of Habeas Corpus