IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDREW K. KAMANA`O, | ) | Civ. No. 05-00681 SOM/KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING IN PART, |
| vs. | ) | MODIFYING IN PART, AND |
| | ) | SUPPLEMENTING FINDINGS AND |
| JOHN F. PEYTON, Director, | ) | RECOMMENDATION THAT |
| Department of Public Safety; | ) | PETITIONER'S 28 U.S.C. § 2254 |
| JIM COOKE, Warden, | ) | PETITION BE GRANTED; |
| Tallahatchie County | ) | ORDER GRANTING PETITIONER'S |
| Correctional Facility, | ) | 28 U.S.C. § 2254 PETITION |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER ADOPTING IN PART, MODIFYING IN PART, AND
SUPPLEMENTING FINDINGS AND RECOMMENDATION THAT
PETITIONER'S 28 U.S.C. § 2254 PETITION BE GRANTED;
ORDER GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION

I.   INTRODUCTION.

This matter is before this court on objections to Magistrate Judge Kevin S.C. Chang's Findings and Recommendation ("F&R") filed on May 10, 2006. The F&R recommended that this court grant Andrew K. Kamana`o's petition under 28 U.S.C. § 2254 ("Petition"). Kamana`o argues that the extended sentence he received in the Hawaii state-court system violates Apprendi v. New Jersey, 530 U.S. 466 (2000). Magistrate Judge Chang's F&R is a careful and well-reasoned analysis of the issues raised in the Petition. After de novo review of the parts of the F&R to which the Respondents[1] ("State") have objected, this court adopts in

---

[1]John F. Peyton is no longer the Director of the Department of Public Safety. The Acting Director is Frank K. Lopez.

part, modifies in part, and supplements the F&R and here issues Kamana`o relief under § 2254, which has its roots in the habeas corpus doctrine, under which "the most celebrated writ in our law" issued. See Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

II.     BACKGROUND FACTS.

The court incorporates the facts set forth in the F&R, supplementing those facts with the following discussion of uncontested facts.

On October 13, 1983, a jury convicted Kamana`o of Counts 6, 9, and 11 of his indictment--two counts of rape in the first degree (class A felonies) and one count of sodomy in the first degree (a class A felony).[2] Instead of seeking indeterminate terms of imprisonment of twenty years for those class A felony convictions, the State moved for an extended term of imprisonment pursuant to section 706-662(4) of the then-existing Hawaii Revised Statutes.[3] On January 6, 1984, the

---

[2]As explained by the Hawaii Supreme Court, those crimes have, in essence, been recodified in section 707-730 of the Hawaii Revised Statutes as sexual assault in the first degree. See State v. Kamana`o, 103 Haw. 315, 316 n.3, 82 P.3d 401, 402 n.3 (2003). The jury also convicted Kamana`o of three counts of burglary in the first degree, one count of attempted sodomy in the third degree, one count of sexual abuse in the first degree, and one count of harassment. See id. n.4, 82 P.3d at 402 n.4. Those additional convictions are not at issue here because extended sentences were not imposed for those other counts.

[3]The version of section 706-662(4) that was in effect at the time Kamana`o committed his crimes stated:

state-court judge found that Kamana`o was a multiple offender and that his extensive criminality warranted an extended sentence of life imprisonment with the possibility of parole. See State v. Kamana`o, 103 Haw. 315, 316-17, 319, 82 P.3d 401, 402-03, 405 (2003).

After his § 2254 petitions challenging his 1984 sentence were denied by this court, Kamana`o filed a motion for correction of illegal sentence in state court. That motion was denied. However, on appeal of the denial of that motion, the

---

> The court may sentence a person who has been convicted of a felony to an extended term of imprisonment if it finds one or more of the grounds specified in this section. The finding of the court shall be incorporated in the record.
>
> . . . .
>
> (4) Multiple Offender. The defendant is a multiple offender whose criminality was so extensive that a sentence of imprisonment for an extended term is warranted. The court shall not make such a finding unless:
>
>     (a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony; or
>
>     (b) The maximum terms of imprisonment authorized for each of the defendant's crimes, if made to run consecutively would equal or exceed in length the maximum of the extended term imposed, or would equal or exceed forty years if the extended term imposed is for a class A felony.

Haw. Rev. Stat. § 706-662(4) (1981 Supp.).

Hawaii Supreme Court, in 2003, determined that the state-court judge had erred by considering Kamana`o's refusal to acknowledge his criminal behavior when sentencing him.  The Hawaii Supreme Court therefore vacated Kamana`o's judgment and remanded the matter for resentencing.  See id. at 324, 82 P.3d at 410.

It appears that, pursuant to the version of section 706-662(4) existing in 2004, the State asked that Kamana`o be resentenced to an extended term of imprisonment for his convictions on the two rape counts and the sodomy count.[4]  There

---

[4]The parties agree that the state-court judge, in resentencing Kamana`o, applied the then-existing section 706-662(4), which stated:

> A convicted defendant may be subject to an extended term of imprisonment under section 706-661, if the convicted defendant satisfies one or more of the following criteria:
>
>     . . . .
>
> (4) The defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public.  The court shall not make this finding unless:
>
>     (a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony; or
>
>     (b) The maximum terms of imprisonment authorized for each of the defendant's crimes, if made to run consecutively, would equal or exceed in length the maximum of the extended term imposed or would equal or exceed forty years if the extended term imposed is for a class A felony.

is no dispute that Kamana`o objected to being resentenced to an extended term of imprisonment, arguing that it would violate <u>Apprendi</u> if the sentencing judge, rather than a jury, made the "necessary for protection of the public" finding.

On May 13, 2004, having held hearings the previous month, the resentencing judge issued a written order granting the State's motion for an extended term of imprisonment and resentencing Kamana`o to life imprisonment with the possibility of parole, rather than to twenty-year terms.

The resentencing judge entered written findings of fact and conclusions of law. The resentencing judge found that Kamana`o was a multiple offender before the court on eight felony convictions and that, if the sentences for the class A felonies were run consecutively, Kamana`o would be sentenced to sixty years. The resentencing judge found beyond a reasonable doubt that § 706(4)(a) and (b) were therefore satisfied. <u>See</u> Findings

---

Haw. Rev. Stat. § 706-662(4) (2004 Westlaw) (emphasis added). It appears that the state judge resentenced using the 2004 version of the statute because the Hawaii Supreme Court had determined that the use of "warranted" in the earlier version of the statute was overbroad. Section 706-662(4) had been amended in light of a Hawaii Supreme Court ruling. <u>See</u> <u>State v. Huelsman</u>, 60 Haw. 71, 91, 588 P.2d 394, 406 (1978) ("We therefore construe HRS § 706-662(4) by substituting for the unduly broad term 'warranted' the more limited standard 'necessary for protection of the public.'"), <u>overruled on other grounds by</u> <u>State v. Tafoya</u>, 91 Haw. 261, 982 P.2d 890 (1999).

of Fact, Conclusions of Law[,] and Order Granting Extended Term of Imprisonment (May 13, 2004) ¶¶ 5, 8-9.

The resentencing judge then found that Kamana`o's "criminal actions were so extensive that an extended term [was] necessary for the protection of the public." Id. ¶ 12. The resentencing judge based this finding on her determination that (1) Kamana`o's offenses involved multiple offenses and victims, including burglary in the first degree and sexual assaults on three women (class A felonies), and caused psychological injuries to the women, (2) there were aggravating factors, as cited in Kamana`o's Presentence Diagnosis and Report, (3) Kamana`o had a repetitive pattern of conduct, (4) Kamana`o lacked regard for the rights and well-being of others, (5) Kamana`o was on probation for a firearms charge when he committed the offenses, and (6) Kamana`o "represent[ed] a serious danger to the community." Id. ¶¶ 13-21.

On June 20, 2005, the Intermediate Court of Appeals for the State of Hawaii ("ICA") upheld the 2004 extended sentence imposed on Kamana`o. See State v. Kamana`o, 2005 WL 1428522 (Haw. Ct. App. June 20, 2005). Relying on State v. Rivera, 106 Haw. 146, 163, 102 P.3d 1044, 1061 (2004), cert. denied, 126 S. Ct. 45 (2005), and State v. Kaua, 102 Haw. 1, 72 P.3d 473 (2003), the ICA reasoned that there was no Apprendi violation. See Kamana`o, 2005 WL 1428522. On July 6, 2005, the Hawaii Supreme

Court denied Kamana`o's application for writ of certiorari from the 2005 ICA decision.[5]

II.        STANDARD OF REVIEW.

The court reviews de novo those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's F&R.  The court may also receive further evidence on the matter or recommit it to the Magistrate Judge with instructions.  The court may accept those portions of the Magistrate Judge's F&R that are not objected to if it is satisfied that there is no clear error on the face of the record.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rules 72.5 and 74.2; Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market Ltd., 2004 WL 2806517, *1 (D. Haw. Sept. 15, 2004); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003), aff'd, 389 F.3d 880 (9th Cir. 2004); Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); see also Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974).

---

[5]Page 15 of the F&R mistakenly refers to the Hawaii Supreme Court's denial of certiorari as based on State v. Rivera, 106 Haw. 146, 163, 102 P.3d 1044, 1061 (2004), and State v. Kaua, 102 Haw. 1, 72 P.3d 473 (2003).  However, the Order Denying [Kamana`o's] Application for Writ of Certiorari was only one sentence long and contained no case citations: "Upon consideration of the application for a writ of certiorari filed on June 27, 2005, by the defendant-appellant-petitioner Andrew Kamana`o, the same is hereby denied."  Because the Hawaii Supreme Court's denial of certiorari lacked written reasoning, it is the ICA's decision in Kamana`o's appeal that is being reviewed here.

III.     ANALYSIS.

   A.   <u>Kamana`o's Petition is Not Procedurally Barred.</u>

The State objects to the F&R's conclusion that Kamana`o's Petition is not procedurally barred. After <u>de novo</u> review of this conclusion, this court determines that the F&R is correct.

The State argues that, under 28 U.S.C. § 2244(b), Kamana`o's Petition must be dismissed because he has filed previous § 2254 petitions and has not received authorization from the Ninth Circuit to file the present Petition. This court disagrees.

Kamana`o's earlier petitions challenged his original sentence. The factual predicate for the present Petition is the sentence imposed on Kamana`o at his resentencing. The issue now raised "could not have been discovered previously through the exercise of due diligence." <u>See</u> 28 U.S.C. § 2254(b)(2)(B)(i). Kamana`o's resentencing occurred after his previous § 2254 petitions were denied, and the claimed <u>Apprendi</u> violation did not occur until his resentencing in 2004. Because Kamana`o's Petition attacks for the first time the constitutionality of a newly imposed sentence based on events that first occurred when he was resentenced, it is not a second or successive petition within the meaning of § 2244. <u>See</u> <u>Hill v. Alaska</u>, 297 F.3d 895, 898-99 (9th Cir. 2002) (a petition is not a second or successive

8

petition for purposes of § 2244 when the claims being asserted could not have been brought in earlier petitions); Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997) (per curiam) (a § 2254 petition that is challenging the constitutionality of a defendant's resentence is not a second or successive petition for purposes of § 2244); accord Esposito v. United States, 135 F.3d 111, 113 (2d Cir. 1997) (per curiam) (a § 2255 petition to challenge an amended aspect of resentencing was not a second or successive petition because it did not challenge the underlying conviction or seek to vacate any component of the original sentence that was not amended).

     The State argues that Kamana`o could have and should have raised the Apprendi error when he filed an earlier § 2254 petition in September 2000. This argument completely misses the mark. The State apparently believes that Kamana`o could have brought an Apprendi challenge then, as Apprendi had been decided by then. But Kamana`o could not then have brought the present challenge to the sentence imposed at his resentencing because Kamana`o had not yet been resentenced. Even assuming that the original judge who sentenced Kamana`o made a finding that his extended incarceration was necessary for protection of the public--a finding that is not clear given the description of that hearing in State v. Kamana`o, 103 Haw. 315, 82 P.3d 401 (2003), the original judgment was vacated and Kamana`o was resentenced in

2004.  Accordingly, the basis of Kamana`o's claim--that the resentencing judge improperly enhanced his sentence in violation of Apprendi--did not exist until the time of Kamana`o's resentencing.  This is his first § 2254 petition challenging the resentencing.

> B.   Kamana`o's Extended Sentence is Contrary to Clearly Established Federal Law, as Determined by the United States Supreme Court.

The State next objects to the F&R's conclusion that Kamanao's extended sentence both contravenes and is an unreasonable application of clearly established federal law, as determined by the United States Supreme Court.  Examining this conclusion de novo, this court determines that the F&R correctly determined that the extended sentence is contrary to clearly established federal law, as determined by the United States Supreme Court.  The sentencing error was clearly not harmless, and the Petition is granted.

Kamana`o requests relief from the extended sentence imposed on him under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d).  The AEDPA imposes a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 521 U.S. 320, 334 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  Under § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

10

> adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Since the filing of the Petition, the Ninth Circuit has held that Hawaii's extended sentencing law for multiple offenders, Haw. Rev. Stat. § 706-662(4), violates Apprendi. That statute allows a judge to make the factual finding that a convicted person's incarceration is necessary for protection of the public, and to use that finding to increase a sentence beyond the range justified by the jury's determination of guilt. According to the Ninth Circuit, such a determination by a judge is contrary to clearly established federal law, as determined by the Supreme Court. See Kaua v. Frank, 436 F.3d 1057, 1062 (9th Cir. 2006) (holding that, to the extent it mandates that a judge may make a factual determination that an extended sentence is necessary for protection of the public, Haw. Rev. Stat. § 706-662(4) clearly violates Apprendi).[6]

---

[6]In the face of the Ninth Circuit's January 11, 2006, decision in Kaua, the Hawaii Supreme Court has maintained its

In Kaua, the Ninth Circuit affirmed this court's granting of a § 2254 petition on facts that are indistinguishable from the present case. Given the Ninth Circuit's decision in Kaua, 436 F.3d 1057, Kamana`o is entitled to relief under § 2254(d)(1).[7]

The State complains that the Ninth Circuit ignored the Hawaii Supreme Court's discussion of Hawaii's extended sentencing statute in State v. Rivera, 106 Haw. 146, 102 P.3d 1044 (2004).

---

position that Hawaii's extended sentencing scheme is constitutional. See State v. White, 110 Haw. 79, 129 P.3d 1107 (March 10, 2006). Numerous defendants with extended sentences have filed § 2254 petitions with this court, which has applied the Ninth Circuit's Kaua reasoning and has continued to rule that Hawaii's extended sentencing scheme for multiple offenders violates the Constitution. See Jess v. Peyton, Civ. No. 04-00601 JMS/BMK, slip op. (D. Haw. April 18, 2006) (filed electronically and available on PACER); Matias v. Peyton, Civ. No. 04-00663 SOM/KSC, slip op. (D. Haw. March 30, 2006) (filed electronically and available on PACER).

[7]The State argues that Apprendi, upon which the Ninth Circuit based its Kaua decision, is not retroactive and should not be applied in this case because Kamana`o was convicted in 1983 and his judgment became final in 1984. This argument ignores Kamana`o's resentencing in 2004, after Apprendi was decided. When Kamana`o was resentenced, the sentencing court was required to follow Apprendi. See United States v. Greer, 285 F.3d 158, 180 (2d Cir. 2002) ("The resentencing of the defendants must be conducted in accord with the holding in Apprendi"); Jaramillo v. Neal, 2005 WL 3312749 (D. Colo. Dec. 7, 2005) (holding that Apprendi applied to a resentencing subsequent to Apprendi and stating that "[t]here is nothing retroactive about this"). This case does not present the situation in which a petitioner is asking the court to apply Apprendi to a judgment that was final at the time Apprendi was decided. Instead, Kamana`o's new sentence and judgment became final long after Apprendi was decided.

This argument is unavailing.  This court is bound by the Ninth Circuit's decision in <u>Kaua</u>, which was, incidentally, decided after the Hawaii Supreme Court issued <u>Rivera</u>.  While the Ninth Circuit's <u>Kaua</u> decision did not mention <u>Rivera</u>, filed just a few weeks after the district court ruling in <u>Kaua</u>, the Ninth Circuit indisputably knew about <u>Rivera</u> when it decided <u>Kaua</u>, as Petitioner-Appellee Wayman Kaua discussed the <u>Rivera</u> holding in detail in his answering brief.  <u>See</u> 2005 WL 2703951, *50 to *60 (June 13, 2005).  The State cannot persuade this court that it should somehow treat the Ninth Circuit's affirmance of this court as a nullity and should instead apply the <u>Rivera</u> decision by the Hawaii Supreme Court.

While federal courts are certainly "bound by a state court's construction of a state statute," <u>see</u> <u>Wisconsin v. Mitchell</u>, 508 U.S. 476, 483 (1993), "[o]nce any ambiguities as to the meaning of the statute are resolved, [courts] may form [their] own judgment as to its operative effect."  <u>Id.</u> at 484. In its <u>Kaua</u> opinion, the Ninth Circuit recognized that <u>Apprendi</u> "focused on the <u>effect</u> of a court's finding of fact, not on the label the statute or the court applied to that fact."  <u>Kaua</u>, 436 F.3d at 1061.  An extended sentence under section 706-662(4) cannot be imposed without a finding that it is necessary for protection of the public, <u>see</u> <u>State v. Okamura</u>, 78 Haw. 383, 413, 894 P.2d 80, 110 (1995), and that finding must be made in

13

accordance with Apprendi.  The Ninth Circuit so held in Kaua, and this court is bound by that holding.

  The State's reliance on Rivera is flawed in another respect.  The State is incorrect in complaining that the Ninth Circuit's reading in Kaua of Hawaii's extended sentence statute is inconsistent with Rivera.  In making that argument, the State reads Rivera as overruling earlier Hawaii Supreme Court cases stating that an extended sentence may be imposed under section 706-662(4) only if a sentencing judge finds both that the defendant has multiple convictions satisfying the statute and that an extended sentence is necessary for protection of the public.  According to the State, Rivera eliminates the need for the "necessary for protection of the public" finding.  This reading is grounded in the statement in Rivera that the "*sole*" fact exposing a defendant to an extended sentence under section 706-662(4) is the defendant's status as a multiple offender--a status that Apprendi allows a judge to determine.  Rivera, 106 Haw. at 162-63, 102 P.3d at 1060-61.  Accord id. at 160, 102 P.3d at 1058 ("Thus, what subjected Rivera to an extended term of imprisonment as a multiple offender under HRS § 706-662(4)(a) was the fact of his current convictions of and sentencing for two or more felonies, the elements of each of which the jury had found that the prosecution had proved beyond a reasonable doubt.").  The Hawaii Supreme Court emphasizes with italics the "*sole*" fact

14

of multiple offenses only "[t]o recapitulate." Id. at 162, 102 P.3d at 1060.

The problem is that it is not at all clear that what Rivera is "recapitulating" is an overruling of prior Hawaii appellate rulings. The reference to the "*sole*" fact of multiple offenses follows a reaffirmation of the Hawaii Supreme Court's Kaua decision, which clearly required that second "necessary for protection of the public" finding as a finding separate from the multiple offender finding. Apparently preserving the two distinct factual findings that it required in its Kaua decision, the Hawaii Supreme Court in Rivera states that its Kaua decision disposes of the Apprendi claim in Rivera. See Rivera, 106 Haw. at 150, 102 P.3d at 1048. Rivera reiterates that, under State v. Kaua, 102 Haw. 1, 72 P.3d 473 (2003), and State v. Huelsman, 60 Haw. 71, 588 P.2d 394 (1979), the sentencing court is required to determine in a "second" step that the defendant's commitment for an extended term is necessary for protection of the public. Rivera, 106 Haw. at 160, 102 P.3d at 1058. The import of the Rivera holding is that, under Hawaii law, this "second" step allows a sentencing judge discretion to impose an extended sentence so long as the judge first finds that the defendant is a multiple offender.

If, as the State contends, the Ninth Circuit should have read Rivera as conflating the multiple offender requirement

with the "necessary for protection of the public" requirement, surely the Ninth Circuit was entitled to have the Hawaii Supreme Court clearly say that it was overruling its earlier decisions. At most, Rivera is equivocal.  After all, Rivera was decided just a few weeks after the district court's Kaua decision, which treated section 706-662(4) as requiring two separate factual findings.  Well aware of the district court's decision and even referring to it in a footnote, the Hawaii Supreme Court, had it wanted to, could have easily withdrawn earlier rulings requiring two separate findings.  It did not do that.  What the State is arguing now is that the Hawaii Supreme Court, while expressly maintaining the viability of its earlier rulings clearly articulating the need for two separate factual findings, changed those steps to make them redundant, so that there is actually only one step.  But maintaining the viability of the earlier rulings is obviously inconsistent with overruling them.  The State is therefore on shaky ground in reading Rivera as impliedly overruling that which it expressly reaffirmed.

In its Kaua decision, the Ninth Circuit held that the defendant had a right under Apprendi to have a jury make the "necessary for protection of the public" finding beyond a reasonable doubt. Quoting State v. Tafoya, 91 Haw. 261, 275 n.19, 982 P.2d 890, 904 n.19 (1999), the State argues that, under Hawaii law, that finding "is not a factual finding susceptible to

16

jury determination" and therefore not required to be found by a jury in order for an enhanced sentence to be imposed.  <u>Tafoya</u> reasoned that there are some facts that are inappropriate for jury determination or that would require the introduction of improper prior bad act evidence.  Calling these types of facts collateral or "extrinsic," the Hawaii Supreme Court held that these facts may be found by a sentencing judge because they are "unrelated to the jury's fundamental duty to focus on the evidence presented."  <u>Id.</u> at 274, 982 P.2d at 903.

In <u>Kaua</u>, the Ninth Circuit rejected the Hawaii Supreme Court's distinction between types of facts, saying:

> With respect to the Hawaii Supreme Court's decision, we disagree with its reasoning that the "extrinsic" nature of the factual findings required for step two exempt them from <u>Apprendi's</u> reach.  <u>Apprendi</u> made irrelevant any distinction between facts based on their "intrinsic" or "elemental" quality for purposes of ascertaining whether the Sixth Amendment requires a jury to find them.  <u>Apprendi</u> announced a new rule that focused on the <u>effect</u> of a court's finding of fact, not on the label the statute or the court applied to that fact.

<u>Kaua</u>, 436 F.3d at 1061.  The Constitution requires that the "necessary for protection of the public" finding be made by a jury, even if that means the trial must be bifurcated into a guilt phase and a sentencing phase.

This constitutional requirement is not, as <u>Rivera</u> argued, somehow erased just because a sentencing judge could

17

theoretically impose an unenhanced sentence that is just as long as the enhanced sentence that relies on a judge-made "necessary for protection of the public" finding.  In making this argument, the Hawaii Supreme Court noted that a sentencing judge could run two five-year prison terms consecutively without any enhancement and without any finding that such consecutive terms are "necessary for protection of the public."  It therefore made sense, the Hawaii Supreme Court posited, that the sentencing judge could impose concurrent ten-year extended prison terms.  See Rivera, 106 Haw. at 164, 102 P.3d at 1062.  There are two problems with this argument.  First, there is no evidence that the judge would have imposed terms totaling ten years absent the enhancement.  Second, section 706-662(4) is not limited to the specific example advanced by the Hawaii Supreme Court.  In a case involving two class A felonies, for example, an indeterminate twenty-year sentence could be extended to life in prison under section 706-662(4), and a life sentence could exceed even two consecutive twenty-year prison terms.

IV.     CONCLUSION.

This court adopts the F&R, modifying it and supplementing it as set forth above.  Kamana`o's § 2254 Petition is GRANTED.  The State of Hawaii is ordered to resentence Kamana`o in a manner consistent with this order.

      The Clerk of Court is directed to enter judgment in Kamana`o's favor and to close this case.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, June 21, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

KAMANA`O V. PEYTON, Civ. No. 05-00681 SOM/KSC; ORDER ADOPTING IN PART, MODIFYING IN PART, AND SUPPLEMENTING FINDINGS AND RECOMMENDATION THAT PETITIONER'S 28 U.S.C. § 2254 PETITION BE GRANTED; ORDER GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION